**THE NEESE LAW FIRM**
Martha L. Neese, Esq.
14245 South 5th Street
Phoenix, AZ 85048
AZ. Bar # 010536
Telephone: 612-414-3102
marthaneese@aol.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| James Shelago and Miriam Shelago, | COURT FILE NO.: _____ |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| Marshall & Ziolkowski Enterprise LLC and Joseph Strauss, | **WITH JURY TRIAL DEMAND** |
| Defendants. | |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

- 1 -

## PARTIES

1. Plaintiff James Shelago ("Plaintiff James") is a natural person who resides in the state of Arizona, city of Kingman, county of Mohave. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

2. Plaintiff Miriam Shelago ("Plaintiff Miriam") is a natural person who resides in state of Arizona, city of Kingman, county of Mohave. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

3. Defendant Marshall and Ziolkowski Enterprise LLC (hereinafter "Defendant M&Z") is a New York corporation and collection agency with a registered address of 5 Holly Lane, Apt 3, Tonawanda, NY 14150. It is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

4. Defendant Joseph Strauss (hereinafter "Defendant Joseph Strauss," "Defendant Strauss," or "Strauss") is an employee of Defendant M&Z and is a "debt collector" as that term is defined by 15 US.C. §1692a(6).

## FACTUAL ALLEGATIONS

5. Sometime prior November 2006, Plaintiff Miriam allegedly incurred a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5), with Direct Merchants Bank.

6. The date of the last activity on the Direct Merchant Bank account was between December 2001 and January 2002.

7. Sometime prior to November 2006, the account was sold, transferred, or assigned to Defendant M&Z for collection.

8. Defendant M&Z communicated with Plaintiffs James and Miriam by leaving a telephone message on a cell phone belonging to Plaintiff Miriam on November 13, 2006.

9. In this November 13, 2006 message, Defendant M&Z's agent and employee, Defendant Joseph Strauss, executed a number of abusive, deceptive, and unfair collection tactics in violation of 15 U.S.C. §§ 1692e, 1692d, and 1692f.

10. Specifically, in the message Defendant Strauss left on November 13, 2006, he made several inappropriate statements, falsely stating or implying that Defendant was going to file a "criminal action" for conspiracy to commit fraud and other "civil actions" against Plaintiffs.

11. Minutes after leaving this voice mail message, Defendant Strauss called the cell phone belonging to Plaintiff James and asked to speak with Plaintiff Miriam.

12. During this November 13, 2006 conversation with Plaintiff Miriam, Defendant Joseph Strauss again executed a number of abusive, deceptive, and unfair collection tactics, a violation of 15 U.S.C. 1692e, 1692d, and 1692f, by falsely stating or implying that Defendant Strauss was with an attorney's office and

Defendants intended and were in the process of filing criminal charges for fraud as well as a civil lawsuit against Plaintiffs.

13. Defendant Strauss then gave Plaintiff Miriam a "docket number."

14. At no time during this conversation did Defendant indicate that he was with a collection agency, a violation of 15 U.S.C. § 1692d(6).

15. Later in the evening of November 13, 2006, Defendant Strauss again called the cell phone belonging to Plaintiff James. This was the third intrusive call this day.

16. Plaintiff James told Defendant Strauss that the statute of limitations had expired, that Defendant Strauss could not file criminal charges against Plaintiffs, and asked Defendant Strauss to cease calling.

17. In response, Defendant James Strauss again initiated a litany of abusive, deceptive, and unfair collection tactics, a violation of 15 U.S.C. 1692e, 1692d, and 1692f, including asserting that Plaintiff was "stupid;" Defendant Strauss would call Plaintiffs whenever Defendant Strauss chose; Plaintiffs were "deadbeats, liars and con artists;" and, Plaintiffs were "jerks who wouldn't pay their bills."

18. During that conversation and in violation of 15 U.S.C. 1692e(5), Defendant Strauss also threatened to sue Plaintiff James despite Plaintiff James assertions he had no obligation for the alleged debt.

19. Defendants' conduct has caused Plaintiffs actual damages in the form of emotional distress, mental anguish, embarrassment and humiliation.

**TRIAL BY JURY**

20. Plaintiff is entitled to and hereby requests a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.**

21. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

23. As a result of Defendants' violations of the FDCPA, Plaintiffs have suffered out-of-pocket expenses and are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) per Defendant; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants for:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1), against Defendants;

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant;

- An award of costs, expenses, and reasonable attorney fees under the FDCPA pursuant to 15 U.S.C. § 1692(a)(3); and

- for such other and further relief as may be just and proper.

Dated: February 7, 2006                By:     s/ Martha L. Neese

**THE NEESE LAW FIRM**
Martha L. Neese, Esq.
AZ. Bar # 010536
14245 South 5th Street
Phoenix, AZ 85048
Telephone: 612-414-3102
marthaneese@aol.com

**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., MBN: 0249646
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
tommycjc@aol.com

Not Admitted in Arizona but intending
to file Motion for Admission Pro Hac Vice

**LYONS LAW FIRM, P.A.**
Thomas J. Lyons, Sr., MBN: 65699
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
tlyons@lyonslawfirm.com

Not Admitted in Arizona but intending
to file Motion for Admission Pro Hac Vice

| | |
|---|---|
| 1 | **Attorneys for Plaintiff** |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |