THE NEESE LAW FIRM
Martha L. Neese, Esq.
14245 South 5th Street
Phoenix, AZ 85048
AZ. Bar # 010536
Telephone: 612-414-3102
marthaneese@aol.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| James Shelago and Miriam Shelago,<br><br>Plaintiffs,<br><br>vs.<br><br>Marshall & Ziolkowski Enterprise LLC and Joseph Strauss,<br><br>Defendants. | Case File No.: 07-0279 PHX-JAT<br><br>PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MARSHALL & ZIOLKOWSKI ENTERPRISE, LLC |

Plaintiffs James Shelago and Miriam Shelago request the Clerk of the Court to enter a default against Defendant Marshall & Ziolkowski Enterprise, LLC as authorized by Federal Rule of Civil Procedure 55.

## FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiffs filed their Complaint on February 7, 2007. (Docket No. 1)

2. Summons was issued on February 7, 2007 (Docket No. 4)

3. Plaintiffs served Defendant Marshall & Ziolkowski Enterprise LLC and Joseph Strauss with the Summons and Complaint at 8201 Main Street, Williamsville, NY 14221 on February 22, 2007. (Docket No. 7)

4. Defendants' Answer was due on or about March 14, 2007.

5. Defendants failed to file and serve an Answer to the Summons and Complaint within the requisite time of 20 days from the date of service. Fed. R. Civ. P. 12, 15(a).

6. Defendants, however, retained Saeli & Tollner, P.C in Amherst, NY and Joseph F. Saeli, Jr. as counsel to explore settlement before Answering the Complaint. (See Exhibit A attached to Affidavit of Martha L. Neese, Esq.)

7. By copy of a February 27, 2007 letter, Mr. Saeli requested an extension to answer Plaintiffs' Complaint "to explore the possibility of an early resolution of this case." (See Exhibit B attached to Affidavit of Martha L. Neese, Esq.)

8. Defendant's counsel worked on a settlement with Plaintiffs' counsel during the months of March, April and May of 2007, concluding with terms of settlement agreed to by counsel for the parties on May 7, 2007.

9. Joseph F. Saeli, Jr. drafted and submitted a settlement agreement to Plaintiffs' counsel on or about May 7, 2007. (See Exhibit C attached to Affidavit of Martha L. Neese, Esq.)

10. However, in a letter dated May 23, 2007, Defense counsel Saeli informed Plaintiffs' counsel that his firm no longer represented the Defendants. (See Exhibit D attached to Affidavit of Martha L. Neese, Esq.)

11. Neither Defendants nor a newly-named representative have communicated with Plaintiffs' counsel since May 23, 2007 nor has Defendants agreed to the terms of the settlement agreement despite several attempts by Plaintiffs' counsel to resolve this issue amicably.

12. Thus far, Defendants have not answered the Complaint or engaged licensed Arizona counsel.

13. Defendants are in default.

14. To date, Plaintiffs' counsel has not heard from the Defendant Marshall and Ziolkowski Enterprise, LLC regarding the Complaint, received an Answer to the Complaint, Acceptance if the Settlement Agreement, nor Response the Motion to Enforce the Settlement Agreement heard and denied on October 22, 2007.

## ARGUMENT

15. The Clerk of the Court may enter a default against a party who has not filed a responsive pleading. (*See* Fed. R .Civ .P. 55(a)).

16. Marshall and Ziolkowski Enterprise, LLC's Answer to the Complaint was due twenty days after service of the pleading. Fed. R. Civ, P. 12, 15(a).

17. The Clerk should enter a default against Marshall and Ziolkowski Enterprise, LLC because Marshall and Ziolkowski Enterprise, LLC did not Answer the Complaint within the time specified by Rules 12 and 15.

18. Plaintiffs meet the procedural requirements for obtaining the entry of default from the Clerk as demonstrated by counsel's sworn affidavit.

19. Marshall and Ziolkowski Enterprise, LLC is not an infant, an incompetent person, or a member of the United States military. 50 U.S.C. app. §521 (b)(l); Fed. R.Civ. P. 55(b)(l).

20. An affidavit of Marshall and Ziolkowski Enterprise, LLC's non-military status is demonstrated by counsel's sworn affidavit.

21. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedures, the undersigned on May 28, 2008 filed via ECF Plaintiffs' Application for Entry of Default. (*See* Docket No. 30).

22. On June 2, 2008 Plaintiffs' Application for Entry of Default was ENTERED. (*See* Docket No. 32).

## CONCLUSION

It is clear from the Affidavit of Counsel that Defendant has failed to answer Plaintiff's Complaint or otherwise respond as required by the Rules of Civil Procedure as required by Rule 12(a). As such, Defendant is in default.

Plaintiff also will seek and award of attorney fees and costs pursuant to 15 U.S.C. §1640(a) by submitting a fee petition after if the Default Motion is granted.

Respectfully submitted,

Dated: 6/9/08

**ATTORNEYS FOR PLAINTIFFS**

By: *Martha Neese*
Martha L. Neese, Esq.
**THE NEESE LAW FIRM**
AZ. Bar # 010536
14245 South 5th Street
Phoenix, AZ 85048
Telephone: 612-414-3102
marthaneese@aol.com

**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq.
PHV/Minn. #: 0249646
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
tommycjc@aol.com