**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES SHELAGO; MIRIAM SHELAGO,<br><br>Plaintiffs,<br><br>vs.<br><br>MARSHALL & ZIOLKOWSKI ENTERPRISE, LLC; JOSEPH STRAUSS,<br><br>Defendants. | No. CV 07-0279-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. # 45). For the reasons that follow, the Court grants Plaintiffs' motion.

**BACKGROUND**

In February 2007, Plaintiffs filed a complaint alleging various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). In February 2009, this Court granted Plaintiffs' Motion for Default Judgment, awarding Plaintiffs $15,000 in actual and statutory damages pursuant to the FDCPA; and providing Plaintiffs an opportunity to request attorneys' fees pursuant to LRCiv. 54.2 (Doc. # 43). Plaintiffs filed their Motion for Attorneys' Fees and Costs in compliance with LRCiv. 54.2, and Defendants did not file a responsive memorandum in opposition to Plaintiffs' motion.

**ANALYSIS**

The FDCPA contains a mandatory fee shifting provision:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of–
>
> . . . .
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a)(3). "Given the structure of [section 1692k(a)(3)], attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). *See also Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citing *Graziano* with approval and stating "The FDCPA's statutory language makes an award of fees mandatory").

"District courts must calculate awards for attorneys' fees using the 'lodestar' method. The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (per curiam) (citations and quotations omitted). Although this Court conducts an independent review of the figures submitted by the party requesting attorneys' fees, "in most cases, the lodestar figure is presumptively a reasonable fee award." *Id.*

*Number of Hours*

After reviewing Plaintiffs' motion and exhibits attached in support of Plaintiffs' motion, this Court finds that Plaintiffs' attorneys expended a reasonable number of hours. Approximately two years have elapsed since the date Plaintiffs filed their complaint. The record reflects that Plaintiffs' attorneys spent just over sixty hours total on this case. Nothing in the record indicates that Plaintiffs' attorneys pursued unreasonably time consuming strategies or motions. Nor are there any reasons to doubt that the entries accurately record

1 the amount of time spent on each particular activity.  Accordingly, this Court finds that
2 Plaintiffs' attorneys expended a reasonable number of hours in pursuing this present action.

*Hourly Rate*

"[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho*, 523 F.3d at 979 (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)).  "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Three attorneys have worked for Plaintiffs in bringing and pursuing this present action.  Martha L. Neese seeks an hourly rate of $300 per hour; Thomas J. Lyons, Jr. seeks an hourly rate of $400 per hour; and Thomas J. Lyons, Sr. seeks an hourly rate of $400 per hour.  In support of these requests, Plaintiffs submit recitations of each attorney's experience in FDCPA cases, affidavits from practitioners in this area of law who attest to the reasonableness of these rates, the Laffey Matrix, and a consumer law attorney fee survey.  Plaintiffs' attorneys are experienced trial lawyers with substantial experience in FDCPA cases.  Given their training, experience, and skill levels, the Court believes that the hourly rates charged by these attorneys are reasonable and are consistent with the prevailing market rates for lawyers of their skill levels. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984) (stating that reasonable hourly rate is prevailing market rate in the relevant legal community by attorneys with comparable skills, experience, and reputation).

Accordingly,

**IT IS ORDERED** granting Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. # 45).

1	**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in the
2	amount of $17,175.33 in attorneys' fees and $1,177.58 in costs, plus interest from the date
3	of judgment until paid, in favor of Plaintiffs James Shelago and Miriam Shelago and against
4	Defendants Marshall & Ziolkowski Enterprise, LLC and Joseph Strauss.

6	DATED this 21st day of April, 2009.

_____
James A. Teilborg
United States District Judge